# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO LUJAN MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AVENAL STATE PRISON,<br><br>　　　　Defendant.<br>_____ / | CASE NO.   1:12-cv-01345-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.　PROCEDURAL HISTORY**

On August 10, 2012, Plaintiff Armando Lujan Martinez, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 9.)  Plaintiff's Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.  SUMMARY OF COMPLAINT

Plaintiff names Avenal State Prison (Avenal) as the sole Defendant in this action and alleges the following:

Plaintiff arrived at Avenal in 2005. Various signs on the prison grounds warned that individuals with asthma were vulnerable to contracting Valley Fever. Plaintiff "pleaded with the Warden on the grounds" to no avail. Plaintiff then began filing inmate grievances with the Warden, but received no assistance. Plaintiff contracted Valley Fever and now suffers from its symptoms. (Compl. at 3.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eleventh Amendment Immunity

Plaintiff has named Avenal as the sole Defendant in this action. The Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. Aholelei v. Dept.

of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Because Avenal is a part of the California Department of Corrections and Rehabilitation, a state agency, it also enjoys Eleventh Amendment immunity from suit.  Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state prison was a state agency entitled to sovereign immunity).  Plaintiff may not sustain an action against Avenal for the alleged violation of his Eighth Amendment rights, regardless of the relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).

As Avenal is the only Defendant in this action and Plaintiff's claims against the prison itself are barred, Plaintiff does not  state a cognizable claim.  The Court will grant leave to amend.  In order to state a cognizable claim, Plaintiff must first name a proper defendant. Plaintiff alleges that he contacted "the Warden on the grounds" directly and via inmate grievances regarding his exposure to Valley Fever.  (Compl. at 3.)  The Eleventh Amendment does not bar suits for damages against state officials in their individual capacities.  Porter, 319 F.3d at 491.  A claim for damages against the Warden in his individual capacity would not be barred.

The following sections of this order offer legal standards that the Court believes may be applicable to the claims Plaintiff may wish to assert.

**C.    Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

4

969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

"John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person.  Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander

5

v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### D. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined

6

in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Johnson v. Pleasant Valley State Prison, 2012 WL 1297380, *3 (E.D. Cal. Apr. 16, 2012) ("Even if the risk of contracting Valley Fever is higher at PVSP than in other areas of the state, the Court declines to find that, due to its location, the prison itself constitutes a substantial risk of harm to inmates."); Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff can not state an Eighth Amendment claim based on mere exposure to, or contraction of, Valley Fever. However, under certain circumstances exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim. Smith v. Schwarzenegger, 393 Fed.Appx. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure). Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection. See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D.Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

To state an Eighth Amendment claim, Plaintiff must also demonstrate that a Defendant exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff.

7

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed August 10, 2012;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 30, 2012             /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE