UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO LUJAN MARTINEZ,<br><br>              Plaintiff,<br><br>   v.<br><br>AVENAL STATE PRISON,<br><br>             Defendant.<br>_____/ | CASE NO.   1:12-cv-01345-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 13)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On August 10, 2012, Plaintiff Armando Lujan Martinez, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 9.)

On October 31, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 12.)  Plaintiff's First Amended Complaint (ECF No. 13) is now before the Court for screening.

1

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint identifies the following Avenal State Prison (Avenal) officials as Defendants in this action: (1) James D. Hartley, Warden; (2) John Doe 1, Warden; (3) John Doe 2, Warden; and (4) John Doe 3, Warden.

Plaintiff alleges the following:

Plaintiff arrived at Avenal in 2005. Various signs on the prison grounds warned that individuals with asthma were vulnerable to contracting Valley Fever. Plaintiff is asthmatic

2

and suffers from bronchitis so he "spoke with Defendant (Warden) for desire and relief." (Compl. at 3.) The Warden referred Plaintiff to the written inmate grievance procedure. Plaintiff filed numerous inmate appeals regarding his susceptibility to Valley Fever. Defendant failed to respond to Plaintiff's appeals. Plaintiff eventually contracted Valley Fever and in 2008 was sent to an outside hospital for treatment. (Id.)

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-79.

////

B.    **Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

      1.    Serious Medical Need

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, does not satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined

4

in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Johnson v. Pleasant Valley State Prison, 2012 WL 1297380, *3 (E.D. Cal. Apr. 16, 2012) ("Even if the risk of contracting Valley Fever is higher at PVSP than in other areas of the state, the Court declines to find that, due to its location, the prison itself constitutes a substantial risk of harm to inmates."); Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

However, Plaintiff alleges that he was suffering from asthma and bronchitis when he was placed in Avenal and there exposed to Valley Fever. Signs at the prison allegedly warned asthmatic inmates of an increased susceptibility to Valley Fever. Exposure to Valley Fever with a preexisting lung condition which renders a prisoner more susceptible to Valley Fever is sufficient to satisfy the first prong of an Eighth Amendment claim based on Valley Fever exposure. See, e.g. Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

        2.        Deliberate Indifference

However, Plaintiff has failed to demonstrate that any of the named Defendants were deliberately indifferent to his serious medical need. Plaintiff alleges that he told "Defendant (Warden)" about his medical concerns and the Warden invited him to file an inmate appeal. First, the Court can not determine which Defendant Plaintiff is referring to. All Defendants

5

are identified as "Wardens".

Even if Defendants were properly identified, the facts alleged do not establish deliberate indifference. They show Plaintiff made one Defendant aware of his condition and that Defendantd did not disregard Plaintiff's needs, but instead directed Plaintiff to take steps to address the problem. Plaintiff alleges the unspecified Defendant failed to respond to Plaintiff's inmate appeals. Plaintiff does not, however, specify which Defendant received Plaintiff's appeals and failed to respond. But even if he had, a conclusory allegation that one of the Defendants ignored Plaintiff's inmate appeals is insufficient to support a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiff must fully explain the contents of his inmate appeal, which of the Defendants received and ignored the appeal, how that Defendant had knowledge of Plaintiff's condition, and how exactly Plaintiff is aware of these facts.

The Court will provide Plaintiff one final opportunity to amend. To state an Eighth Amendment claim, Plaintiff must demonstrate that a Defendant exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff. Should Plaintiff choose to amend, his amended complaint should be brief, but not so concise that the Court can not determine the viability of his claims. Plaintiff should include a full chronological description of what happened, how the Defendants are responsible, and the basis for Plaintiff's knowledge of the facts alleged. Plaintiff must set forth specific facts as to each individual Defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

In closing, the Court notes that Plaintiff's amended complaint contains passing reference to exhibits previously filed with the Court. Plaintiff need not include, rely on or refer to exhibits. At this stage of the proceedings, his factual allegations are taken as true and need not be supported by exhibits. The court will not serve as a repository for exhibits. The First Amended Complaint must be complete within itself. Plaintiff may not refer to previously filed exhibits.

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed December 3, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   December 21, 2012        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE