1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ARMANDO LUJAN MARTINEZ,             CASE No. 1:12-cv-01345-MJS (PC)

10                    Plaintiff,        ORDER TO SHOW CAUSE WHY CASE
                                        SHOULD NOT BE DISMISSED FOR
11       v.                             FAILURE TO COMPLY WITH COURT
                                        ORDER AND FAILURE TO STATE A
12   AVENAL STATE PRISON,               CLAIM

13                                      (ECF No. 14)
                     Defendant.
14                                      AMENDED COMPLAINT DUE WITHIN
                                        FOURTEEN DAYS
15
16   _____/

17        Plaintiff Armando Lujan Martinez ("Plaintiff") is a former state prisoner proceeding

18   pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

19   Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 9.)

20        The Court screened Plaintiff's Complaint on December 21, 2012, and found that it

21   failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended

22   complaint on or before January 22, 2013.  (ECF Nos. 14.)  January 22, 2013, has passed

23   without Plaintiff having filed an amended complaint or a request for an extension of time

24   to do so.

25        Local Rule 110 provides that "failure of counsel or of a party to comply with these

26   Rules or with any order of the Court may be grounds for imposition by the Court of any and

27   all sanctions . . . within the inherent power of the Court."  District courts have the inherent

28   power to control their dockets and "in the exercise of that power, they may impose

1   sanctions including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing</u>

2   <u>Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's

3   failure to prosecute an action, failure to obey a court order, or failure to comply with local

4   rules.  <u>See, e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

5   noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

6   (dismissal for failure to comply with an order requiring amendment of complaint);

7   <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

8   prosecution and failure to comply with local rules).

9        Plaintiff has not adequately responded to the Court's December 21, 2012, order.

10  He will be given one more opportunity  to,  **not later than fourteen (14) days after the**

11  **date of entry of this order,**, to file an amended complaint or show cause why his case

12  should not be dismissed for failure to comply with a court order and failure to state a claim.

13  **Failure to meet this deadline will result in dismissal of this action.**

14

15

16

17  IT IS SO ORDERED.

18  Dated:   February 15, 2013          /s/ *Michael J. Seng*

19                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28