UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO LUJAN MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AVENAL STATE PRISON,<br><br>    Defendant.<br>_____/ | 1:12-cv-13453-MJS (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 14, 15) |

Plaintiff Armando Lujan Martinez ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 9.)

The Court screened Plaintiff's First Amended Complaint on December 21, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before January 22, 2013. (ECF Nos. 13 & 14.) January 22, 2013, has passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

On February 19, 2013, the Court Ordered Plaintiff to show cause why his case should not be dismissed for failure to state a claim and failure to prosecute. (ECF No. 15.)

Plaintiff was to respond by March 5, 2013.  (Id.)  March 5, 2013, has passed without Plaintiff having filed a response to the Order to Show Cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously

1 resolving this litigation and the Court's interest in managing its docket weigh in favor of
2 dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of
3 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
4 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
5 fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
6 outweighed by the factors in favor of dismissal discussed herein. Finally, a court's
7 warning to a party that his failure to obey the court's order will result in dismissal satisfies
8 the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;
9 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's December 21, 2012
10 order expressly stated: "If Plaintiff fails to file an amended complaint in compliance with
11 this order, this action will be dismissed, with prejudice, for failure to state a claim and
12 failure to comply with a court order." (ECF No. 14.) Thus, Plaintiff had adequate warning
13 that dismissal would result from his noncompliance with the Court's order.

14 Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action
15 is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon
16 which relief may be granted under § 1983 and failure to obey the Court's December 21,
17 2012, order (ECF No. 14). This dismissal is subject to the "three-strikes" provision set
18 forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

20 IT IS SO ORDERED.
21 Dated:   March 22, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

-3-